COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Ex parte Muhammad Saadan Ahshan

Appellate case number:      01-14-00815-CR

Trial court case number:    1433456

Trial court:                228th District Court of Harris County

Appellant, Muhammad Ahshan, perfected his appeal from the court directive order, signed on September 22, 2014, with findings of fact and conclusions of law signed by the trial court on January 6, 2015, denying his habeas application filed under Texas Code of Criminal Procedure Article 11.072. Appellant, through counsel, alleges that his retrial is barred by double jeopardy.

On July 2, 2015, the Clerk of this Court issued a notice directing the trial clerk to file a second supplemental clerk's record, within thirty days of the date of that notice, containing the trial court's certification of the appellant's right of appeal of the denial of his pretrial application for a writ of habeas corpus. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), (c)(1)–(2). To date, the Court has received no response.

Accordingly, we sua sponte **ABATE** the appeal and **REMAND** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Gene P. Tausk, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

We direct the trial court to:

1) execute a certification of appellant's right to appeal, indicating whether appellant has the right to appeal the denial of his habeas application from the court directive order, signed on September 22, 2014, with findings of fact and conclusions of law, signed on January 6, 2015;

2) make any findings and recommendations the trial court deems appropriate; and

3) enter written findings of fact, conclusions of law, and recommendations as to these issues, if any, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West Supp. 2014); TEX. R. APP. P. 13.1(a), 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 34.6(a)(1), (d), (e)(2), (3), (f), 35.3(b), (c), 37.1, 44.4(b). The trial court coordinator shall set a hearing date no later than **10 days** from the date of this order and notify the parties. The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within **10 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within **10 days** of the date of this hearing.

Accordingly, the trial court clerk is directed to file a second supplemental clerk's record containing the certification of appellant's right of appeal the denial of his habeas application; including any findings of fact or conclusions of law made by the trial court. The supplemental clerk's record shall be filed with this Court no later than **10 days** from the date of the hearing. *See* TEX. R. APP. P. 2, 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the second supplemental clerk's record and supplemental reporter's record are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
⊠ Acting individually

Date: August 18, 2015

2